IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRITTANY REID, | * |
| Plaintiff, | * |
| v. | * CV 114-079 |
| GE CAPITAL RETAIL BANK, | * |
| Defendant. | * |

## O R D E R

Before the Court are Defendant's motions to dismiss Plaintiff's complaint (docs. nos. 8, 10) under the Telephone Consumer Protection Act ("T.C.P.A."), 47 U.S.C. § 227. For the reasons stated herein, Defendant's motions to dismiss are **DENIED**.

## I. BACKGROUND

On March 21, 2014, Plaintiff filed a complaint alleging that Defendant's numerous automated debt collection calls to Plaintiff's cellular telephone violated the T.C.P.A. Defendant filed a motion to dismiss, then Plaintiff filed an amended complaint. (Docs. nos. 8, 9.)

Plaintiff alleges that, during a telephone conversation with Defendant's representative "Lex" on February 18, 2014, Plaintiff orally revoked any consent to receive Defendant's

calls to her cell phone using an "automatic telephone dialing system" ("A.T.D.S."). (Am. Compl. ¶¶ 12-14.) After Plaintiff revoked her consent, Plaintiff alleges that Defendant placed at least fifty-four automated calls to her cell phone number (912) 412-70XX from (330) 433-5979 using an A.T.D.S. (Id. ¶¶ 9, 10, 15, 16.) Defendant called Plaintiff everyday for two weeks as follows:

| Date | Calls |
|---|---|
| February 24, 2014: | one call at 7:44pm; |
| February 25, 2014: | four calls at 8:22am, 2:03pm, 4:42pm, 7:40pm; |
| February 26, 2014: | two calls at 8:37am, 7:37pm; |
| February 27, 2014: | four calls at 9:49am, 12:37pm, 3:33pm, 5:11pm; |
| February 28, 2014: | four calls at 8:08am, 12:09pm, 3:55pm, 6:15pm; |
| March 1, 2014: | four calls at 8:12am, 10:33am, 12:50pm, 8:05pm; |
| March 2, 2014: | three calls at 1:02pm, 4:04pm, 8:01pm; |
| March 3, 2014: | four calls at 8:32am, 1:34pm, 5:54pm, 7:55pm; |
| March 4, 2014: | five calls at 9:20am, 11:44am, 1:12pm, 5:54pm, 8:33pm; |
| March 5, 2014: | four calls at 8:38am, 1:00pm, 4:02pm, 5:33pm; |
| March 6, 2014: | four calls at 8:55am, 11:29am, 1:31pm, 6:48pm; |
| March 7, 2014: | four calls at 9:41am, 12:21pm, 5:49pm, 8:24pm; |

March 8, 2014:        four calls at 10:25am, 11:34am,
                                   12:54pm, 3:03pm;

             March 9, 2014:        four calls at 8:18am, 9:47am,
                                     10:59am, 1:25pm; and

             March 10, 2014:       three calls at 8:25am, 10:49am,
                                   1:51pm.

(Id. ¶ 16.) On at least two occasions, Plaintiff received prerecorded voicemail messages from Defendant's phone number (330) 433-5979, but Plaintiff fails to allege the day, time or content of those alleged prerecorded messages. (Id. ¶ 11.) Plaintiff requests the Court enter judgment against Defendant for statutory damages of $500.00 for each negligent violation of the T.C.P.A. pursuant to 47 U.S.C. § 227(b)(3)(B) and $1,500.00 for each knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B)-(C). (Id. ¶¶ 17, 18.)

Defendant filed a motion to dismiss asserting that Plaintiff never revoked her consent and, even if she did, she does not sufficiently allege the use of an A.T.D.S. (Docs. nos. 8, 10.)

## II. DISCUSSION

### A. Standard for Motions to Dismiss

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See

Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). Courts, however, need not accept the complaint's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A complaint also must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**B. Legal Framework of the T.C.P.A.**

In response to evidence that automated or prerecorded calls are a nuisance and an invasion of privacy, Congress passed the Telephone Consumer Protection Act to balance individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade. Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1117 (11th Cir. 2014). The T.C.P.A. prohibits any person from making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any "automatic telephone dialing system" or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. Id. (quoting 47 U.S.C. § 227(b)(1)). The term "automatic telephone dialing system" means equipment which has (a) the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) the capacity to dial such numbers. 47 U.S.C. § 227(a)(1).

The T.C.P.A. creates a private right of action that allows a person to seek an injunction or monetary damages based on a violation of 47 U.S.C. § 227(b). Mais, 768 F.3d at 1117; 47 U.S.C. § 227(b)(3). For each violation, a plaintiff can recover the greater of actual monetary loss or $500.00. Mais, 768 F.3d at 1117; 47 U.S.C. § 227(b)(3)(B). Up to treble damages are available if the defendant committed a violation willfully or knowingly. Mais, 768 F.3d at 1117; 47 U.S.C. § 227(b)(3)(C).

### C. Sufficiency of T.C.P.A. Allegations

Defendant insists that its calling equipment does not meet the statutory definition of A.T.D.S. because it does not have the "capacity to store or produce the telephone numbers to be called using a random or sequential number generator." See 47 U.S.C. § 227(a)(1). More to the point, Defendant argues that Plaintiff merely states in a conclusory fashion that Defendant's calling equipment meets the statute's technical definition of A.T.D.S. without alleging any facts to support that allegation.

In light of a plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create a plausible inference that the call was made using an

A.T.D.S. Neptune v. Whetstone Partners, LLC, 2014 WL 3734549, *2 (S.D.Fla July 28, 2014)(denying defendant's motion to dismiss where cellular telephone user sufficiently alleged that debt collector used an A.T.D.S. or prerecorded voice when calling him, as required to state a claim for violation of the T.C.P.A., by alleging that debt collector made forty-five calls to his telephone during five month period, called several times during one day and on back to back days, and ignored his demands that it cease calling him about making payments on his account); Duran v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1312, 1316 (S.D.Fla. 2012)(dismissing T.C.P.A. claim without prejudice where plaintiff merely alleged in a conclusory manner that mortgage loan servicer used an A.T.D.S. to place "many" non-emergency calls to his cell phone but lacked any factual allegations to support that claim); see generally Robert D. Brownstone, 1 Data Sec. and Privacy Law § 9:70 (2013)("The requirement that a plaintiff pursuing a claim under §227(b)(1)(A) must demonstrate that the defendant made the calls using an 'automatic telephone dialing system' is [] a frequent subject of pleading challenges by defendants. . . . Plaintiffs generally know nothing about the equipment actually used by the defendant at the time that they file a T.C.P.A. complaint.").

Here, Plaintiff alleges that she received fifty-four

automated calls from Defendant over a two-week period, noting the day, time and debt collection purpose of each call, and that she received prerecorded voicemail messages from Defendant on at least two occasions. These allegations are similar to those which survived a motion to dismiss in <u>Neptune</u>, where a cell phone user alleged that a debt collector made forty-five calls over a five month period. <u>Neptune</u>, 2014 WL 3734549, *2. Similarly, the Court finds that Plaintiff's factual allegations in this case regarding Defendant's numerous calls create a plausible inference that the calls were made using an A.T.D.S. and therefore nudge her claim across the line from conceivable to plausible. <u>See</u> <u>Twombly</u>, 550 U.S. at 547; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 680.

Defendant relies on a number of cases from various jurisdictions, many of which are from district courts in the Ninth Circuit, in support of its position that courts routinely dismiss T.C.P.A. claims such as the one at bar. However, Defendant does not cite a single case from any jurisdiction where a complaint alleging the day, time and purpose of such a large number of calls made over such a short period of time was held insufficient.

**D. Legitimacy of Oral Revocation of Consent**

As noted, Plaintiff alleges that she orally revoked any consent she may have given for Defendant to call her cell

phone. Defendant argues that Plaintiff never revoked her consent. Debtors are free to orally revoke any consent previously given to a creditor to call a debtor's cell phone. <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1254 (11th Cir. 2014)(holding that, under the T.C.P.A., in the absence of any contractual restriction to the contrary, debtor and her housemate could orally revoke any consent previously given to creditor to call housemate's cellular telephone number in connection with debtor's credit card debt). Further, the United States Federal Communications Commission provided persuasive guidance in a declaratory ruling confirming that called parties may revoke their consent orally. <u>In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 27 F.C.C. Rcd. 15391, 15398 (2012)(explaining that "requests to stop receiving voice calls. . . can be confirmed during the same call in which a consumer has expressed a desire to opt out"); see <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d at 1254. In considering Defendant's motion to dismiss, the Court must therefore accept as true Plaintiff's allegation that she revoked her consent during the phone call on February 18, 2014. Accordingly, the Court must also accept as true Plaintiff's allegation that each of the fifty-four calls made between February 24 and March 10, 2014, were made without Plaintiff's consent.

### III. CONCLUSION

**IT IS THEREFORE ORDERED**, for the reasons stated herein, that Defendant's motions to dismiss (docs. nos. 8, 10) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _9th_ day of December, 2014.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia